Filed 2/7/24  P. v. Neilson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE, | C098407 |
| Plaintiff and Respondent, | (Super. Ct. Nos. SCCRCRF2021775, SCCRCRF2021776, SCCRCRF2022448) |
| v. | |
| JESSIE DALE NEILSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jessie Dale Neilson filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record and finding no arguable errors that would result in a disposition more favorable to defendant, we affirm the judgment.

1

## BACKGROUND

This appeal concerns three cases in which defendant entered pleas of no contest.

In case No. SCCRCRF2021775 (No. 775), defendant was charged with a felony, making criminal threats against his dating partner, J.L.G. (Pen. Code, § 422, subd. (a);[1] count 1), and three misdemeanors consisting of two counts of vandalism (§ 594, subd. (a); counts 2 & 4) and one count of battery on a dating partner (§ 243, subd. (e)(1); count 3).

In case No. SCCRCRF2021776 (No. 776), defendant was charged with one felony, attempting to set fire to and burn a vehicle (§ 455, subd. (a); count 1), and two misdemeanor counts of resisting executive officers (§ 69; counts 2 & 3). As to count 1, it was alleged that this offense was a serious felony. (§ 1192.7, subd. (c)(14).) As to all counts, the information alleged defendant was ineligible for probation. (§ 1203, subd. (e)(2).)

In case No. SCCRCRF2022448 (No. 448), defendant was charged with two felonies, first degree residential burglary with another person present (§§ 459, 667.5, subd. (c)(21); count 1) and taking a vehicle without the consent of the owner (Veh. Code, § 10851, subd. (a); count 2). The information alleged numerous aggravating factors. (Cal. Rules of Court, rule 4.421.)[2]

On July 21, 2021, the trial court released defendant on his own recognizance in case Nos. 775 and 776. On October 27, 2021, the trial court issued a bench warrant and forfeited bail in both cases when defendant failed to appear as ordered. On November 10, 2021, defendant appeared, and the trial court recalled and quashed the warrants. On March 27, 2022, defendant allegedly committed the crimes charged in case

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Undesignated rule references are to the California Rules of Court.

No. 448. Defendant was released on his own recognizance in case No. 448. On March 30, 2022, the trial court issued bench warrants in all cases when defendant failed to appear as ordered. On May 31, 2022, defendant appeared in custody and the trial court declined his request for release. On June 14, 2022, the trial court again denied a request for release by defendant.

On June 28, 2022, defendant entered a plea of no contest in all three cases for a 10-year suspended state prison sentence and grant of probation, with a *Cruz* waiver pending sentencing.[3] A single written plea agreement addressed all three cases. The factual basis for the plea in each case was the police report. In case No. 448, the People amended the information to add an out-on-bail enhancement as to count 1. (§ 12022.1.) Defendant pleaded no contest to both counts and admitted the out-on-bail allegation. Defendant stipulated and agreed aggravating factors applied, specifically that his prior convictions were numerous or increasing in seriousness (rule 4.421(b)(2)) and his prior performance on probation was unsatisfactory (rule 4.421(b)(4)). In case No. 776, defendant pleaded no contest to all three counts, as amended, and in case No. 775 to all four counts, as amended.

On September 12, 2022, the court received a notice of *Cruz* waiver violation in all three cases for failure to obey all laws based on new charges filed against defendant. On October 26, 2022, defendant appeared in court in the morning session. The trial court ordered defendant to return to court in the afternoon. Defendant twice assured the trial court he would return. Defendant did not return, and the trial court issued bench warrants. An amended notice of *Cruz* waiver violation filed January 17, 2023, added

---

[3]      *People v. Cruz* (1988) 44 Cal.3d 1247, 1254, footnote 5; *People v. Vargas* (2007) 148 Cal.App.4th 644, 648 [standard "*Cruz* waiver" states in return for release of defendant on his own recognizance as part of a plea agreement, defendant waives, inter alia, right not to receive additional punishment for failure to appear or a new offense].

defendant's failure to appear from October 26, 2022, as well as violation of a protective order.

On January 17, 2023, the trial court found defendant violated the *Cruz* waiver by failing to return for the afternoon session on October 26, 2022, and making no effort to return before he was arrested on the bench warrants five or six days later.[4]

On February 14, 2023, the trial court sentenced defendant to 10 years in state prison comprised of the upper term of six years on count 1 in case No. 448, with a consecutive two-year term for the out-on-bail enhancement, eight months consecutive (one-third the midterm) on count 2 in case No. 448, eight months consecutive (one-third the midterm) on count 1 in case No. 776, and eight months consecutive (one-third the midterm) on count 1 in case No. 775. The trial court awarded 138 actual days and 20 days conduct credit in case No. 448, no custody credits in case No. 775, and one actual day in case No. 776. The court imposed a $300 restitution fine (§ 1202.4, subd. (b)) and a $300 parole revocation fine (§ 1202.45) in each case. The trial court did not impose any additional fines or fees based on a finding of defendant's presumptive inability to pay.

Defendant filed a timely notice of appeal in all three cases.

### DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

---

[4]    Defendant testified that he failed to return for the afternoon session because he got into an altercation.

4

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that would result in a disposition more favorable to defendant. Accordingly, we will affirm the judgment.

## DISPOSITION

The judgment is affirmed.

/s/
Ashworth, J.*

We concur:

/s/
Earl, P. J.

/s/
Renner, J.

---

*      Judge of the El Dorado County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.